BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**JULIA E. JARRETT**
Julia.Jarrett@usdoj.gov
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, Oregon  97204-2902
Telephone:    503-727-1000
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:19-cv-01897-BR |
| Plaintiff, | |
| v. | **COMPLAINT *IN REM* FOR FORFEITURE** |
| **$557,488.00 IN UNITED STATES CURRENCY,** *in rem*, | |
| Defendant. | |

Plaintiff, United States of America, for its Complaint *in rem* for forfeiture, alleges:

I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to 21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

II.

Defendant, *in rem*, $557,488.00 in United States currency, was seized in the District of Oregon, and is now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendant, *in rem*, $557,488.00 in United States currency, constitutes property furnished or intended to be furnished by any person in exchange for a controlled substance or proceeds traceable to such an exchange in violation of 21 U.S.C. § 841(a)(1) and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6), as more particularly set forth in the Declaration of Special Agent Christopher Karabinas, Department of Homeland Security (DHS), Homeland Security Investigations (HSI), marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, Plaintiff, United States of America, prays that due process issue to enforce the forfeiture of Defendant, *in rem*, $557,488.00 in United States currency; that due notice be given to all interested persons to appear and show cause why forfeiture of the Defendant currency, *in rem*, should not be decreed; that due proceedings be had thereon; that this Defendant currency be forfeited to the United States; that the Plaintiff United States of America be awarded its costs and disbursements incurred in this action.

Dated: November 22, 2019.         Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Julia E. Jarrett*
JULIA E. JARRETT
Assistant United States Attorney

## VERIFICATION

I, Christopher Karabinas declare, under penalty of perjury, pursuant to the provisions of 28 U.S.C. Section 1746, that I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and that the foregoing Complaint *in rem* for Forfeiture is made on the basis of information officially furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is true as I verily believe.

<u>*/s/ Christopher Karabinas*</u>
CHRISTOPHER KARABINAS
Special Agent
Department of Homeland Security
Homeland Security Investigations

## DECLARATION OF CHRISTOPHER KARABINAS

I, Christopher Karabinas, do hereby declare:

## INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent (SA) of the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and have been so employed since December 2010. I am currently assigned to the Resident Agent in Charge office, Medford, Oregon. I have successfully completed the 11-week Criminal Investigator Training Program (CITP) course at the Federal Law Enforcement Training Center and the 16-week Homeland Security Investigations Special Agent Training (HSISAT) course put on by U.S. Immigration and Customs Enforcement's (ICE) Homeland Security Investigations (HSI) Academy, where I learned the skills necessary to conduct federal criminal investigations, including investigating crime scenes, interviewing witnesses and suspects, and writing reports and affidavits. Prior to this, I was employed as a U.S. Customs and Border Protection Officer, Immigration Officer, and a U.S. Federal Air Marshal and have been a federal law enforcement officer since August of 2000. During my tenure as a federal law enforcement officer, I have investigated and/or participated in investigations of money laundering, narcotics trafficking, fraud, smuggling, and theft. I have also acquired knowledge and information about the illegal drug trade and the various means and methods by which it is furthered from formal and informal training, other law enforcement officers and investigators, informants, individuals I have arrested and/or interviewed, and my participation in other investigations. I am a participating member of the Medford Area Drug and Gang Enforcement Taskforce (MADGE) located in Medford Police Department's drugs and gang division.

2.      I have written and directly been involved in writing no fewer than twenty search and seizure warrants and have participated in the service of no fewer than twenty federal search warrants involving criminal money laundering, drug violations, income tax charges and other criminal activities during which evidence of criminal violations was seized.

## PURPOSE OF THIS DECLARATION

3.      This declaration is submitted in support of a Complaint *in rem* for forfeiture of $557,488.00 U.S. Currency seized from 3960 Independence School Road, Medford, Oregon.

4.      In this declaration, I will demonstrate that there is probable cause that the U.S. Currency described above constitutes property furnished or intended to be furnished by any person in exchange for a controlled substance or proceeds traceable to such an exchange in violation of 21 U.S.C. § 841(a)(1) and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6).

5.      The facts in this declaration come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This declaration is for the limited purpose of establishing probable cause for the Complaint. Therefore, I have not set forth each fact I have learned during this investigation, but only those facts and circumstances necessary to establish probable cause.

## INDIVIDUALS INVOLVED IN THE INVESTIGATION

6.      Gregory M. Day operates a drug production and trafficking organization (DPTO) based in Medford, Oregon, that grows marijuana in Oregon and transports it to states outside of Oregon, to include Illinois, Louisiana and North Carolina. Gregory is the son of Stephen M. Day, Jr. and Catherine B. Day**.**

**Declaration of Christopher Karabinas**                                             EXHIBIT A   PAGE 2
                                                                                                            Complaint *In Rem*
                                                                                                            FOR FORFEITURE

7.      Stephen M. Day Jr., hereafter referred to as Stephen Day, resides in Raleigh, North Carolina and operates an Oregon cannabis business formerly known as Chez Day West, LLC, doing business as Starseed Organics. Stephen Day also owns a restaurant known as Chez Day, LLC, doing business as Plates Kitchen, in North Carolina. He is married to Catherine B. Day.

8.      Evan M. Palmer resides in North Carolina and participated in a scheme to transport cannabis to North Carolina and U.S. Currency from North Carolina.

9.      Titan Mann resides in Oregon and participated in the sale of marijuana to a buyer from Quincy, Illinois.

10.     Joseph C. Nickless is an employee and associate who conspired to manufacture and distribute marijuana.

11.     Patrick Langley resides in Oregon. He is a former employee of Stephen Day, Chez Day West, LLC, and Gregory Day.

## SUMMARY OF INVESTIGATION

12.     This declaration outlines facts showing that Gregory Day, Stephen Day and Evan Palmer operated a drug production and trafficking organization and are involved in a conspiracy to manufacture and possess with the intent to distribute marijuana from Oregon to Illinois, Louisiana, and North Carolina, as described below.

13.     Oregon Secretary of State records show that on September 23, 2016, Stephen Day established Chez Day West, LLC, doing business as Starseed Organics, at 3960 Independence School Road, Medford, Oregon 97504. On March 4, 2017, Stephen Day and Catherine Day purchased 3960 Independence School Road for $895,000.

14. On November 15, 2017, The Oregon Liquor Control Commission (OLCC) issued a recreational producer marijuana license to Chez Day West, LLC, DBA Starseed Organics at 3960 Independence School Road, Medford, Oregon 97504.

15. On January 3, 2017, Stephen Day established Butte Creek Ranch Farm, LLC, at 3242 Meridian Road, Eagle Point, Oregon 97524. Gregory Day and Evan Palmer established GE Holdings, Inc. on, or about, April 6, 2018 and GE Holdings, Inc. purchased 3242 Meridian Road on, or about, April 12, 2018. On August 6, 2018, OLCC issued a recreational producer marijuana license to Butte Creek Ranch Farm 1801 at 3242 Meridian Road, Eagle Point, Oregon 97524.

### *Seizure of $192,200 during a traffic stop in Illinois*

16. On June 28, 2018, Illinois State Trooper Matthew Smith stopped a Ford Expedition for speeding while traveling west on I-80. The vehicle's driver, Jeremy McLain ("McLain"), was in possession of $192,200 in U.S. currency. The currency was found in two different locations within the vehicle: (1) inside the passenger compartment of the vehicle in three vacuum-sealed packages, which were located under water and ice inside a cooler and (2) in four rubber banded bundles, located in McLain's luggage. McLain told trooper Smith he was traveling from North Carolina to Wyoming to participate in a movie shoot for "Gemini Man." Based on probable cause, Trooper Smith seized the currency.

17. McLain was driving a 2017 Ford Expedition, Florida license plate #907LYY, owned by Enterprise Holdings (Enterprise car rental). McLain told Trooper Smith his bosses rented the vehicle for him, but he did not have a copy of the rental agreement.

18. Enterprise Holdings provided records that show Evan Palmer rented this vehicle on June 26, 2018, at the Raleigh Durham Airport and returned it on July 6, 2018. There were 6,802 miles

placed on this vehicle between those times, less than two weeks. State of Illinois records show that McLain provided an affidavit on November 16, 2018, in which he stated, "Stephen M. Day, President and authorized agent for Chez Day West, LLC is the rightful owner" of the $192,200 United States Currency. McLain said in his affidavit that Stephen Day hired him as an independent courier to deliver the items in the vehicle. Stephen Day submitted a claim to the currency and subsequently received a check from the State of Illinois for the return of $142,200. This check was deposited on December 7, 2018, to Wells Fargo Bank, account #6524, which is Stephen and Catherine Day's personal checking account.

### *Quincy, Illinois Cannabis Investigation*

19. During August 2018, Inspector Justin Ebbing, a sworn police officer with the West Central Illinois Task Force in Quincy, Illinois, investigated Porter Peoples, an Illinois resident, for cannabis trafficking. Inspector Ebbing's investigation showed that Porter Peoples, Ebony Werner, Demonte Hill, and others rented two cars and traveled to 3960 Independence School Road Medford, Oregon, in order to purchase cannabis from Gregory Day. On August 23, 2018 and August 24, 2018, Peoples, Hill, Werner, and others met with several individuals at 3960 Independence School Road and purchased marijuana, which they transported back to Quincy. On August 26, 2018, Quincy, Illinois law enforcement stopped the two rental cars, arrested the occupants for cannabis trafficking and seized approximately 84 pounds of marijuana.

20. On January 16, 2019, Porter Peoples, in the presence of his attorney, told investigators they met with two white males and two black males during the cannabis purchase. He recalled one of the white males was named "Greg." Peoples observed a gray truck at the residence and a

U-Haul with five to six additional totes inside. Peoples told Inspector Ebbing that he and Hill had a total of $40,000 cash with them they used to purchase the marijuana.

21.     On April 29, 2019, Ebony Werner, represented by an attorney, reviewed a photo array that included a photograph of Gregory Day. Werner identified Day and said, "This is the guy that I believe whose house it was as well as the drugs were being purchased from." She thought Gregory Day was the main person because Peoples primarily talked to him. Werner also identified a photograph of Titan Mann, stating, "I believe this is one of the guys who was there." She thought Mann was the "middle man."

22.     On February 22, 2019, Inspector Ebbing met with Rashad Snoddy, a person who traveled with Peoples, Hill, and Werner to 3960 School House Road, Medford, Oregon. Snoddy identified a photograph of 3960 Independence School Road as the residence where they purchased the 84 pounds of cannabis. Snoddy said the cannabis was retrieved from the back of a U-Haul parked in the driveway.

23.     American Express records show that Patrick Langley, believed to be a former employee of Chez Day West, LLC, was issued a credit card linked to an American Express account belonging to Chez Day, LLC.[1] Langley's credit card account, ending in #1045, shows that he rented U-Hauls during the same period that Porter Peoples and others met at Independence School Road to purchase marijuana. Langley's credit card statement shows U-Haul rentals on August 21, 2018, August 25, 2018, and on August 27, 2018. The records show that Stephen Day

---

[1] Chez Day West, LLC is registered in Oregon and is associated with Stephen Day's cannabis business. Chez Day, LLC is registered in Raleigh, North Carolina, and is associated with Stephen Day's restaurant business.

**Declaration of Christopher Karabinas**               EXHIBIT A   PAGE 6
                                                      Complaint *In Rem*
                                                      FOR FORFEITURE

paid the monthly American Express bills, primarily from his personal checking account at Wells Fargo Bank, account #6524.

24.     On July 11, 2019, the Circuit Court of the Eighth Judicial Circuit of Illinois, Adams County, indicted Gregory Day and Titan Mann for Conspiracy and Cannabis Trafficking.

### *Traffic Stop by the Kansas Highway Patrol*

25.     On March 9, 2019, Kansas Highway Patrol Trooper K.J. Seiler stopped a vehicle traveling east on highway I-70 being driven by Benjamin H. Hollingsworth. During this traffic stop, Trooper Seiler seized 69 pounds of marijuana in vacuum sealed packages, approximately 1.5 pounds of THC wax, and other miscellaneous contraband.

26.     Hollingsworth told Trooper Seiler he was paid $8,000 to transport the marijuana to New Orleans and that none of the marijuana belonged to him. Hollingsworth said he flew to Portland from New Orleans, Louisiana on February 28, 2019, and rented a car. On or about March 2, 2019, he drove to Medford, Oregon and rented a room at a local Medford motel. Hollingsworth communicated by texts and cell phone calls with a man named Nick (believed to be Joseph Nickless). Nick instructed Hollingsworth to meet him at 3960 Independence School Road, Medford, Oregon. When Hollingsworth arrived, he saw several totes of unpackaged raw marijuana in the garage. He said a man named Greg (believed to be Gregory Day) arrived in a truck and put more raw marijuana in the garage. Greg appeared to be in charge. Nick and Hollingsworth loaded the marijuana in his rental car and he left.

**Declaration of Christopher Karabinas**                    EXHIBIT A   PAGE 7
                                                            Complaint *In Rem*
                                                            FOR FORFEITURE

*State Search Warrant at 3960 Independence School Road*

27.   On April 11, 2019, Oregon State Police served search warrants at 3960 Independence School Road, where they encountered Gregory Day.  During the execution of the warrants, law enforcement seized the following:

- $557,488.00 - U.S. Currency
- 6 scales
- Psilocybin mushroom seeds – 120 jars with a gross weight of 165.4 lbs.
- Psilocybin mushrooms – 1,047.4 grams gross weight
- Marijuana BHO shatter – 25.1 lbs.
- Liquid BHO – 9 jars with gross weight of 7.2 lbs.
- BHO cartridges – 6,000 total
- Marijuana plants – immature -14,497
- Usable marijuana product and marijuana "shake" (OLCC Tagged) 209.79 lbs.  total gross weight
- Usable marijuana pre-rolled cigarettes (OLCC Tagged)   17.91 lbs. total gross weight
- 18 rifles, 4 shotguns, 8 handguns
- Suspected LSD
- Bulk Marijuana weight – 1,907.70 lbs.
- Drug notes
- Packaging equipment

28.   The currency was seized from several locations on the premises, as follows:

| Amount | Container |
|---|---|
| $100,100 | Black case in AMSEC black safe in garage |
| $245,100 | AMSEC black safe in garage |
| $200,100 | Gray Pelican case in AMSEC black safe |
| $1,350 | Person of Gregory Day |
| $2,028 | Top of desk in a bedroom of the residence |
| $8,810 | Safe in light green outbuilding near the residence |
| **$557,488** | |



Photo showing inside of AMSEC black safe in garage

29.     Gregory Day told investigators that the $1,350 investigators found on his person and the $2,028 investigators located in the master bedroom of the residence belonged to him. He said all other money on the property belonged to his father. Gregory said he did not know the combination to a safe located in the garage. Gregory said he had never been inside the safe and he was pretty sure the safe belong to his father. He believed there was a couple hundred thousand dollars and other special items belonging to his father in the safe. Gregory did not deny that his fingerprints and DNA would be on the money in the safe because he counted it for his father. He said his father is in the legal marijuana business.  He said anytime he has been at the property, the safe was closed.  Gregory told investigators he was self-employed, consulting for "hemp stuff and weed stuff" occasionally. He said for the most part, he just "sort of hangs out."

**Declaration of Christopher Karabinas**                                  EXHIBIT A   PAGE 9
                                                                          Complaint *In Rem*
                                                                          FOR FORFEITURE

30. On September 17, 2019, Marie Kingerman, co-owner of Rogue Safe Company, Inc., provided records that show Gregory Day purchased a black AMSEC (American Security) gun safe on November 18, 2017. Marie Klingerman said Gregory Day paid $2,000 cash when he ordered the safe and another $9,000 cash when the company delivered the safe. Gregory Day was by himself during the purchase. He instructed Rogue Safe Company to deliver the safe to 3960 Independence School Road.

31. Knute Klingerman, co-owner, and his employee, delivered the safe on November 18, 2018. Gregory Day instructed Klingerman to place the safe in his garage. Klingerman said they left the safe in the garage on the pallet it was shipped on.

32. During the search warrants at Independence School Road on April 11, 2019, investigators located a large black safe on a pallet in the garage, with the words "American Security" prominently displayed on the door.




33.     Knute Klingerman said Gregory Day received instructions from Rogue Safe Company on how to open the safe. Knute Klingerman said their protocol is to require customers to open safes twice before they leave the premises. Klingerman's employee gave Gregory Day a package that included the safe combination and keys, showed him how to open the safe and watched him open the safe twice before they left. They did not give instructions to anyone else on how to open this safe.

34.     While in the garage, Klingerman and his employee observed approximately 70 large black and yellow totes full of marijuana. They saw Gregory Day open a tote to show an associate the contents and saw the tote was full of "flower" marijuana. This observation was made on November 18, 2017. The OLCC did not license this property for growing marijuana until November 15, 2017.

### *Raleigh, North Carolina, Cannabis Investigation*

35.     I reviewed a report dated August 23, 2019, authored by Detective Bryan McCullers, Raleigh, North Carolina Police Department. Det. McCullers's investigation showed that Evan Palmer ("Palmer") flew from the Raleigh Durham Airport on August 6, 2019, bound for Oregon and returned to Raleigh on August 20, 2019. Det. McCuller's investigation showed that Palmer flew to and from Oregon on a commercial airline and that he used a driver to transport marijuana from Medford, Oregon to North Carolina.

36.     On August 22, 2019, Fuquay Varina Police Department served a state search warrant at Palmer's residence in Fuquay Varina, North Carolina, and seized, in part, approximately 13.5 pounds of marijuana, five pounds of THC wax, 2 pounds of THC gummies, approximately 276

THC vapes, CBD products, documentation for a farm in Oregon, and a *commercial grade vacuum sealer.*

37.   Enterprise Holdings (parent company for Enterprise Rent-A-Car) records, for the period of December 2016 to June 2019, show that Palmer rented vehicles on a monthly basis. From December 2016 to June 2018, Palmer rented large SUV's and pickups and placed high miles on them, most with enough to drive from North Carolina to Medford, Oregon, and return. The vehicles Palmer returned with high mileage are as follows:

| Rental Date | Return Date | Total Miles | Vehicle Description |
|---|---|---|---|
| 12/21/2016 | 01/20/2017 | 5,536 | Ford Expedition |
| 03/15/2017 | 04/02/2017 | 6,769 | Ford Expedition |
| 05/01/2017 | 05/15/2017 | 5,265 | Ford Expedition[2] |
| 05/28/2017 | 06/26/2017 | 7,705 | Ford Expedition |
| 08/26/2017 | 09/19/2017 | 7,696 | Ram 1500 Pickup |
| 11/12/2017 | 12/02/2017 | 7,481 | Ram 1500 Pickup |
| 01/07/2018 | 01/26/2018 | 7,506 | Ford F250 Pickup |
| 02/26/2018 | 03/26/2018 | 8,809 | Chevrolet Pickup |
| 05/12/2018 | 06/12/2018 | 16,531 | Chevrolet Pickup |
| 06/26/2018 | 07/06/2018 | 6,802 | Ford Expedition[3] |

38.   Wells Fargo provided bank records for Palmer's checking account ending in #6040. These records show that Palmer was in the Medford, Oregon area during many the times he rented vehicles from Enterprise Holdings. These records also show evidence of frequent air travel.

---

[2] This vehicle was rented and returned in Portland, Oregon.

[3] Jeremy McLain was driving this vehicle while transporting the $192,200 U.S. currency in vacuum sealed packages.

**Declaration of Christopher Karabinas**　　　　　　　　　　EXHIBIT A   PAGE 12
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Complaint *In Rem*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FOR FORFEITURE

39.     Jeremy McLain encountered Oregon State Police during their search warrant on April 11, 2019. McLain arrived at 3960 Independence School Road and told investigators he was passing through the area heading to southern California and had stopped by to visit his friend, Greg Day. However, he did not drive to southern California but instead returned the car the following day in Medford. Enterprise rental car records show McLain rented a 2019 Nissan Sentra on April 1, 2019, in Wilmington, North Carolina and returned it in Medford on April 12, 2019.

40.     Enterprise rental car records also show McLain rented a 2018 Chevrolet pickup at the Raleigh Durham Airport on January 2, 2019, and drove it 7,189 miles. He returned the vehicle on January 20, 2019, at the Raleigh Durham Airport.

41.     Based on the evidence presented, it is my belief that Gregory Day sells marijuana from 3960 Independence School Road to individuals in exchange for U.S. currency, knowing the cash sales are illegal and that the buyers intend to transport the marijuana out of Oregon. I believe that Gregory Day, Evan Palmer, and Jeremy McLain are involved in a conspiracy to transport marijuana from Medford, Oregon to North Carolina for the purpose of distribution and sales. I believe that Jeremy McLain, and others yet unknown, transport marijuana from Medford, Oregon to Raleigh, North Carolina. I believe that Jeremy McLain, and others yet unknown, transport U.S. currency from North Carolina to 3960 Independence School Road, Medford, Oregon, where Gregory Day stores it in his safe. Finally, I believe that Stephen Day has knowledge that U.S. currency derived from the sale of marijuana in North Carolina is being transported to 3960 Independence School Road, Medford, Oregon.

**CONCLUSION**

42.     The evidence in this declaration provides probable cause to believe, and I do believe that the $557,488.00 located on the premises of 3960 Independence School Road, Medford, Oregon, constitutes property furnished or intended to be furnished by any person in exchange for a controlled substance or proceeds traceable to such an exchange in violation of 21 U.S.C. § 841(a)(1) and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6). I have presented this declaration to Assistant United States Attorney Julia Jarrett who has advised me that in her opinion, the proposed complaint is supported by probable cause.

I declare under penalty of perjury that the forgoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed this 22nd day of November 2019.

                              */s/ Christopher Karabinas*
                              CHRISTOPHER KARABINAS
                              Special Agent
                              Homeland Security Investigations

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment /  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____